IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ICON BENEFIT ADMINISTRATORS II, L.P. and AMERICAN ADMINISTRATIVE GROUP, INC., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:08-CV-0107-M |
| v. | § § | |
| WACHOVIA INSURANCE SERVICES, INC.-DALLAS and STANLEY R. SELF, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' Amended Motion to Remand ("Motion to Remand") and Defendant Stanley R. Self's ("Self") Motion to Dismiss. Defendants timely removed the case from Texas state court, asserting diversity jurisdiction. Plaintiffs contest diversity jurisdiction. Plaintiffs ICON Benefit Administrators II, L.P. ("ICON") and American Administrative Group, Inc. ("AAG") and Defendant Self are all citizens of the State of Texas. Defendants concede that Self is a Texas citizen, but claim that Self was fraudulently joined to defeat diversity jurisdiction. Finding that Self was improperly joined, the Court **DENIES** Plaintiffs' Motion to Remand. Self's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiffs' claims for business disparagement and civil conspiracy are **DISMISSED** with prejudice. Self's Motion to Dismiss Plaintiffs' claim for tortious interference with contract is **GRANTED**, without prejudice to reurging in an amended complaint.

# BACKGROUND

The following facts are undisputed. Plaintiff ICON is a Texas limited liability partnership, with its principal place of business in Texas. Plaintiff AAG is an Illinois corporation, with its principal place of business in Texas. Defendant Wachovia Insurance Services, Inc.-Dallas is a North Carolina corporation, with its principal place of business in North Carolina. Self is a citizen of the State of Texas.

The Original Petition, filed on November 30, 2007, alleged that in 2006, AAG contracted with the City of Lubbock, Texas to administer Lubbock's health benefits plan.1 Under the contract, AAG acted as Lubbock's broker to negotiate, procure, and place certain insurance policies. In June of 2006, Lubbock issued a Request for Proposals for health benefits consulting services. One month later, Sanford Insurance Agency ("Sanford") and Wachovia (collectively, "Wachovia-Sanford") jointly submitted a Technical Proposal, seeking appointment as Lubbock's exclusive broker for all health insurance policies. The Original Petition alleged that Wachovia induced Lubbock to terminate its contract with AAG prior to the expiration of AAG's contract on December 31, 2006. The Original Petition included claims for tortious interference with existing contract, misrepresentation, business disparagement, and civil conspiracy against Wachovia.

The factual allegations naming Self occupy a single paragraph of the Original Petition:

> Wachovia and Self, through Wachovia's principal Dallas office, submitted Wachovia's proposal to Lubbock, on or about July 2006, for a health benefits counselor. Wachovia's employees, including Self, in its Dallas office who responded to Lubbock's Request, were acting within the course and scope of their employment with Wachovia, under the control of and for the benefit of Wachovia. Wachovia authorized Self and these persons to act on its behalf and ratified their

---

1 The Original Petition does not delineate Icon's claims against Defendants, but the Court will nonetheless refer to the claims of "Plaintiffs."

actions.

In support of their Motion to Remand, Plaintiffs attached the Wachovia-Sanford Technical Proposal, which described Self as a "Senior Consultant" at Wachovia and the primary contact on the Lubbock project. Plaintiff contends that the Technical Proposal represented that Self was a "licensed consultant or broker."

After removal, Plaintiffs filed a second Petition in state court, which Plaintiffs now argue is the controlling pleading. The pleading in existence at the time of removal governs the propriety of removal. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n.5 (5th Cir. 1990). The filing in state court, after removal, is of no effect. *See In re* Carter, 618 F.2d 1093, 1101 (5th Cir. 1980). Accordingly, the Court only considers the November 2007 Petition in determining whether Self was properly joined, and whether Plaintiffs state a claim against him.

**ANALYSIS**

*Legal Standard*

The removing party bears the burden of proving subject matter jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Where diversity jurisdiction is asserted, the removing party must prove that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." 28 U.S.C. § 1441(b) (2006). Defendants contend that Plaintiffs improperly joined Self to defeat complete diversity. To establish improper joinder, the defendant must demonstrate either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that, as a matter of law, the plaintiff will be unable to establish a cause of action against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Defendants argue the second ground.

To demonstrate improper joinder, the non-diverse defendant must prove that there is no "reasonable basis" for predicting that the plaintiff will prevail. *Id.* However, a reasonable basis "means more than a hypothetical basis." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). For the plaintiff's purported basis for recovery to be reasonable, the plaintiff must present more than conclusory or generic allegations of wrongdoing: there must be a "factual fit" between the plaintiff's allegations and the theory of recovery pled. *See id.*; *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000); *Indian Gold, LLC v. Amstar Mortgage Corp.*, 504 F.Supp.2d 147, 150 (S.D. Miss. 2007).

Where the state court petition omits discrete facts, a district court may pierce the pleadings and conduct a summary inquiry, considering affidavits and other relevant evidence, to determine whether the plaintiff states a valid claim. *See Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). However, post-removal filings "present[ing] new causes of action or theories not raised in the controlling petition" are excluded. *Griggs*, 181 F.3d at 700. Contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, are resolved in the plaintiff's favor. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). A district court should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. *See Smallwood*, 385 F.3d at 574.

*Tortious Interference with Contract*

Plaintiffs' first claim for tortious interference with contract requires (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss.

*Prudential Ins. Co. of Am. v. Fin. Review Servs.*, 29 S.W.3d 74, 77 (Tex. 2000) (internal citation omitted). The third element, proximate causation, requires that the defendant's conduct either be a substantial factor in causing plaintiff's loss, or that it foreseeably produce plaintiff's loss. *Video Ocean Group LLC v. Balaji Mgmt. Inc.*, No. H-03-1311, 2006 WL 964565, at *9 (S.D. Tex. Apr. 12, 2006) (citing *IHS Cedars Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2003)). Plaintiffs contend that Self interfered with AAG's contract with Lubbock, by assisting in drafting and submitting Wachovia-Sanford's successful bid proposal, and by misrepresenting that he was a licensed consultant.

Here, the factual allegations in the Original Petition do not provide a reasonable basis to predict that Plaintiffs will prevail on their tortious interference claim against Self. First, Self did not engage in a willful act of interference by assisting in drafting and submitting the Technical Proposal, since there is no allegation in the Original Petition that Self was actually aware of AAG's contract with Lubbock. *See Amigo Broadcast, LP v. Spanish Broadcasting Sys., Inc.*, No. 06-50748, 2008 WL 725789, at *14 (5th Cir. Mar. 19, 2008). Hence, Self's mere participation in formulating the Technical Proposal is insufficient to sustain a claim for tortious interference with contract.

Second, the factual allegations do not show that Self misrepresented his own or Wachovia-Sanford's credentials. To support their contention, Plaintiffs point to Question 3 in Lubbock's Request for Proposals, which asked, "Confirm that *you* are a licensed consultant or broker. Provide documentation." (italics added). The response in the Technical Proposal read, "This is confirmed. License documentation is shown as an attached exhibit." Presuming that *you* referred to Self, Plaintiffs maintain that the response to Question 3 was false, because in July of

2006 Self was not a licensed consultant or broker. Plaintiffs' interpretation of *you* is apparently predicated on the response to Question 2, which listed Self as the primary contact person for the Technical Proposal. However, Question 3 did not ask if the *contact person* listed in response to Question 2 was a licensed consultant or broker; rather, it asked for a confirmation "that *you* are a licensed consultant." In the Technical Proposal, *you* consistently denoted Wachovia and/or Sanford, not Self or other individual employees, except where otherwise stated. For example, Question 9 asks, "Detail your ability to monitor regulatory and legislative developments at both the state and federal level and how this will be communicated to our members." The response stated that "Wachovia Insurance Services maintains a staff of ERISA attorneys[.]" It never referred to Self's legislative acumen, experience, or plans to monitor. Similarly, *you* in Question 3 referred to Wachovia-Sanford, not Self individually.

Wachovia and Sanford jointly submitted the Technical Proposal, the cover page of which read: "Proposal for City of Lubbock in Response to Health Benefits Consulting Services RFP. Presented by: Stan Self, Joella Mullin, [and] Douglas Sanford [of] *Wachovia Insurance Services* and *Sanford Insurance Agency*." (italics added). The corporate icons of both Wachovia and Sanford appeared in the lower corner of each page of the Technical Proposal. The detailed information about Sanford appended to the Technical Proposal, including client references and employee biographical data, confirms Sanford's co-submission of the proposal. The relevant issue, therefore, is whether the response to Question 3 in the Request for Proposals, representing that Wachovia-Sanford had licensed consultants or brokers, was truthful. The Technical Proposal, which included biographical information about key Wachovia and Sanford contacts, confirmed that two Sanford employees, Douglas Sanford and Rhonda Thomack, were Certified

Insurance Counselors.[2] Nowhere was it represented that Self or other Wachovia employees had such licenses. Because two Sanford employees were Certified Insurance Counselors, the response to Question 3, indicating that Wachovia-Sanford had licensed consultants or brokers, was truthful. Plaintiffs do not allege any other misrepresentation by Self and, therefore, the Court has no reasonable basis to predict that Plaintiffs will prevail on a claim for tortious interference with contract against Self.

*Business Disparagement*

Plaintiffs' second claim is for business disparagement, which requires the defendant's publication of false and disparaging words, with malice, that are not privileged, and which caused special damages to the plaintiff. *Hurlbut v. Gulf Atlantic Life Ins.*, 749 S.W.2d 762, 766 (Tex. 1987). The relevant factual allegations occupy a single paragraph of the Original Petition:

> Wachovia, through its agents and/or employees, made injurious, false and disparaging statements to third persons and/or entities concerning the quality and character of AAG's business, e.g. [sic] that AAG was less than truthful. Such statements were made knowingly and with malice. Wachovia's statements proximately caused AAG to suffer special damages and pecuniary loss.

These allegations do not provide a reasonable basis for predicting that Plaintiffs will prevail on their claim against Self. Plaintiffs did not identify any disparaging remarks by Self or any detail about any disparaging statements. "Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined." *Indian Gold, LLC*, 504 F.Supp.2d at 147; *see Badon*, 224 F.3d at 392-93. In the absence of anything other than generic allegations that Self's employer disparaged AAG, the Court has no reasonable basis to predict that Plaintiffs will be able to recover against Self.

---

[2] In their Motion to Remand, Plaintiffs acknowledge that certification as an insurance counselor would qualify one as a "licensed consultant or broker." Pls. Br. 7.

*Civil Conspiracy*

Plaintiffs allege that Wachovia conspired with unidentified "persons or entities" to divest AAG of its contract with the City, to obtain confidential information about AAG, and to disparage AAG. Civil conspiracy under Texas law requires a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex. 1968) (internal quotation marks and citations omitted). The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Thus, for a civil conspiracy to arise, the parties must be aware of the harm or wrongful conduct at the inception of the combination or agreement. *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995). "One without knowledge of the object and purpose of a conspiracy cannot be a co-conspirator; he cannot agree, either expressly or tacitly, to the commission of a wrong which he knows not of." *Schlumberger*, 435 S.W.2d at 856.

Plaintiffs' civil conspiracy claim fails because the third element—a meeting of the minds on an unlawful object— is not satisfied. Plaintiffs did not allege that Self disparaged, or agreed on a plan to disparage, AAG. Further, Plaintiffs did not identify any acts by Self to appropriate confidential AAG information. "Entirely general" assertions, without "alleg[ations] of any particular or specific activity," are insufficient to state a valid claim. *Badon*, 224 F.3d at 391-92. As previously analyzed, Self did not interfere with AAG's contract by misrepresenting his licensing credentials. Thus, the Court lacks a reasonable basis to predict that Plaintiffs will

prevail on their claim of civil conspiracy against Self.

Finding that Plaintiffs have not asserted an actionable claim against Self, the Court concludes that Self's joinder was improper. Complete diversity exists between the remaining Defendant, Wachovia, and Plaintiffs AAG and ICON. Finding that diversity jurisdiction provides a basis for removal, Plaintiffs' Motion to Remand is **DENIED**.

*Self's Motion to Dismiss*

Having determined its jurisdiction over the case, the Court addresses Self's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, a court must liberally construe the pleading in favor of the plaintiff, and all well-pleaded facts in the petition or complaint must be taken as true. *Campbell v. Wells Fargo Bank, NA.*, 781 F.2d 440, 442 (5th Cir. 1986). While a petition challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1964-65 (2007). Factual allegations must be sufficient to raise a non-speculative right to relief. *Id.* at 1965. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Reliable Consultants, Inc. v. Earle,* No. 06-51067, 2008 U.S. App. LEXIS 3102, at *8 (5th Cir. Feb. 12, 2008).

Here, Self seeks dismissal of the three claims pled in the Original Petition. Plaintiffs' Response only addresses the tortious interference claim; Plaintiffs' claims for business disparagement and civil conspiracy are thus **DISMISSED** with prejudice. In their Response, Plaintiffs maintain that Self interfered with AAG's contract with Lubbock in two ways: (1) by

misrepresenting his licensing credentials, and (2) by persuading Lubbock to terminate its contract with AAG before the contract's expiration on December 31, 2006.

With respect to Plaintiffs' first asserted ground for relief, Self did not misrepresent his own or Wachovia-Sanford's credentials in the Technical Proposal and, therefore, the allegations fail to establish a factual predicate for Plaintiffs' tortious interference claim against Self. Further, Plaintiffs have not identified specific facts establishing Self's misrepresentation of any other material fact to AAG, despite ample opportunity to do so in Plaintiffs' Motion to Remand and Response to the Motion to Dismiss. Thus, the Court rejects Plaintiffs' first asserted ground for their tortious interference claim.

Alternatively, Plaintiffs contend that Self tortiously interfered with AAG's contract with Lubbock by persuading Lubbock to terminate its contract with AAG before the contract's expiration on December 31, 2006. As demonstrated by the remand analysis, the Original Petition does not allege that Self knew of AAG's contract with Lubbock. Thus, the third element of a claim for tortious interference—an act of *willful* and *intentional* interference by Self—was not met here. However, in their Response to the Motion to Dismiss, Plaintiffs claimed that Self was aware of AAG and Lubbock's contract, and knowingly interfered with it by encouraging Lubbock to breach its contract with Plaintiff. Such is not a part of Plaintiffs' Original Petition. Therefore, Plaintiffs' claims for tortious interference are **DISMISSED**, without prejudice to Plaintiffs demonstrating how Self induced Lubbock to breach its contract with Plaintiffs. Plaintiffs have had an opportunity to amend their pleadings.

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion to Remand is **DENIED**. Self's

Motion to Dismiss is **GRANTED**. Plaintiffs' claims for business disparagement and civil conspiracy are **DISMISSED** with prejudice. Self's Motion to Dismiss Plaintiffs' claim for tortious interference with contract is **GRANTED**, without prejudice to Plaintiffs' repleading how Self induced Lubbock to cancel its contract with Plaintiffs.

    **SO ORDERED**.

    July 3, 2008.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS